ALEXIS J. ROGOSKI (AJR-8512)
arogoski@bswb.com
EDWARD C. CARLETON (ECC-7569)
ecarleton@bswb.com
BOUNDAS SKARZYNSKI,
  WALSH & BLACK LLC
One Battery Park Plaza, Fl. 32
New York, New York 10004
Telephone: (212) 820-7700
Facsimile: (212) 820-7740

Counsel to Cross-Defendant
SCOTTSDALE INSURANCE COMPANY

LINDA WENDELL HSU (SBN 162971)
lhsu@selmanbreitman.com
MARK INBODY (SBN 180862)
minbody@selmanbreitman.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Local Counsel to Cross-Defendant
SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY and CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ODYSSEY THERA, INC.,<br><br>Defendant. | CASE NO.   C12-00227-JSW |
| ODYSSEY THERA, INC.,<br><br>Counter/Cross-Complainant,<br><br>v.<br><br>VALLEY FORGE INSURANCE COMPANY and CONTINENTAL CASUALTY COMPANY, and SCOTTSDALE INSURANCE COMPANY,<br><br>Counter/Cross-Defendants. | |

## STIPULATED PROTECTIVE ORDER

Cross-Complainant Odyssey Thera, Inc. and Cross-Defendant Scottsdale Insurance Company (each a "Party" and, collectively, the "Parties") through counsel, respectfully request the entry of a Stipulated Protective Order to govern the treatment of documents and information in this action that contain proprietary and sensitive commercial information. Under this Order, a Party or non-party may only designate material for protection that it in good faith believes is entitled to such confidentiality. The Parties request entry of this Stipulated Protective Order to allow for the production of the requested documents and disclosure of other information while maintaining the confidentiality of such documents and information.

1. Any information, document, or thing produced or created in connection with this litigation that is reasonably believed by a Producing Party to contain proprietary or confidential information and that has not previously been made publicly available may be designated as "Confidential Material." As used herein, Confidential Material may include (a) all papers, tapes, documents (including answers to interrogatories or requests for admission), CD-ROMs, diskettes, and other tangible things produced by or obtained from a Producing Party; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents, or things ( collectively, "Information" or "Material"). The designation of Confidential Material shall be made in good faith, and no Party or non-party shall designate Material as Confidential Material without a reasonable and good faith belief that such designation is appropriate. As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with this litigation, irrespective of whether the Producing Party is a party to this action.

2. A Producing Party may designate Material as Confidential Material by stamping or otherwise marking the Material with the legend "CONFIDENTIAL" or:

**CONFIDENTIAL**

**Subject to a Protective Order**

or a substantively similar legend. As used herein, a "Designating Party" shall refer to any person or entity designating Material as Confidential Material in accordance with paragraph 2 or 3 herein, irrespective of whether the Designating Party is a party to this action.

3. A non-producing Party may designate Material as Confidential Material by giving written notice to all Parties within 30 days of production of the Material that the Material is to be so designated. In addition, if a Producing Party inadvertently fails to stamp certain documents upon their production, it may designate such documents as Confidential Material by giving notice as described in the preceding sentence. In either case, all Parties shall then stamp or otherwise mark the designated Material as Confidential Material.

4. All Confidential Material shall be used solely in connection with this litigation, and the preparation and trial of this litigation, or any appellate proceeding or settlement arising from this proceeding, and not for any other purpose. Confidential Material and summaries or extracts thereof shall not be disclosed except as set forth in Paragraphs 5 and/or 6.

5. Confidential Material may be disclosed only to the following persons:

(a) Counsel of record for any Party;

(b) Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in (a);

(c) Any Party and any of a Party's officers, directors, employees, trustees, partners, agents, or in-house legal personnel (or to any officer, director, employee, or in-house legal personnel of a parent, subsidiary or affiliate of any Party);

(d)(1) Any witness at a deposition, trial, evidentiary hearing, or other court proceeding;

(d)(2) Percipient witnesses who are former employees, officers, agents, partners or directors of a Party or a parent, subsidiary or affiliate of a Party;

(e) Any person who authored or has previously received the Material in the ordinary course of his, her, or its business;

   (f) Any court reporter or other person involved in recording deposition testimony in this litigation by any means and acting in that capacity;

   (g) The Court (and any appellate court) and any person employed by the Court whose duties require access to the Confidential Material, including court personnel, stenographic reporters, jurors and alternate jurors;

   (h) The Parties' insurers, reinsurers, reinsurance intermediaries, retrocessionaires of the Parties' reinsurers, regulators, auditors and accountants, but only to the extent that any such persons or entities have a legitimate need for access to Confidential Material.

   and

   (i) Any actual or potential third-party consultant (including without limitation any imaging or other litigation support vendor) and independent expert retained in connection with this action, subject to paragraph 6 below.

  6. Each individual identified in Paragraphs 5(i) to whom Confidential Material is furnished, shown, or disclosed, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing such material a copy of this Order and agree to be bound by its terms, and shall certify that s/he has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A. Executed Exhibits A shall not be discoverable except as required to enforce this Order or as otherwise allowed under applicable law.

  7. The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial. The Parties shall cooperate in obtaining, to the extent reasonably requested by any Party, unmarked copies of stamped documents to be used at trial, *provided, however*, that there shall be no obligation to obtain non-Bates-numbered copies of any document.

  8. Nothing in this Order shall be construed to limit in any way the ability of the Producing Party to use, disclose, or be shown his, her or its own Confidential Material in any

manner whatsoever. Nor shall this Order be construed to prevent any Party, its counsel, or its legal team from making use as they see fit of Material that was available to the public or lawfully in the possession of the Party, its counsel, or its legal team, or that properly came into the possession of the Party, its counsel, or its legal team independent of discovery in this litigation.

9. If any Party claims that any matter designated hereunder is not entitled to the protections of this Order, that Party may serve on the Designating Party an objection to the designation. After service of the objection, the parties shall meet and confer regarding the objection. If the parties are unable to reach agreement concerning the designation of the matter, then within 30 days of service of the objection, the Designating Party shall file and serve a motion or request informal resolution by the Court regarding whether the Confidential Material designation may be maintained. The Designating Party shall have the burden of establishing that the designated Material is Confidential.

10. The foregoing is without prejudice to the right of any Party or non-party: (a) to apply to the Court for a further protective order relating to any Confidential Material, or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Confidential Material or beyond the terms of this Order.

11. Any Confidential Material that is to be submitted to the Court for any purpose, and any filing that quotes such Confidential Material, shall be submitted in accordance with Local Rule 79-5.

12. (a) If Confidential Material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to receive such Material may be present. All transcripts of depositions, and exhibits thereto, shall, in their entirety, be treated as Confidential Material for a period of 30 days after such transcripts are actually received by counsel for each of the Parties.

(b) Prior to the expiration of that 30-day period, portions of deposition transcripts, and exhibits thereto, may be designated as Confidential Material pursuant to the terms of this Order by notifying all counsel of record in writing. After the 30-day period, portions not designated as Confidential Material shall no longer be treated as Confidential Material. Any Party or deponent may also designate specific testimony or transcript pages as Confidential Material by notice on the record at the deposition.

13. If any Party that possesses another entity's Confidential Material under the terms of this Order receives a subpoena, a request under a Freedom of Information or Freedom of Access law, or other legal process commanding the production of any such documents (the "subpoena"), such party shall within five business days notify counsel for the Designating Party of the service of the subpoena. The party receiving the subpoena also must immediately inform in writing the subpoenaing party that some or all the material covered by the subpoena is the subject of this Protective Order, and provide a copy of this Protective Order to that party.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

14. The provisions of this Order shall not terminate at the conclusion of this action. To the extent permitted by law, within 60 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Material received under the provisions of this Order, and all summaries or extracts of Confidential Material other than trial transcripts, trial exhibits admitted into evidence, certificates executed pursuant to Paragraph 7 hereto, and one copy of any pleading or paper filed of record with the Court, shall either be returned to the Producing Party or destroyed. All Parties and other persons that received and retained Confidential Material shall certify compliance with this section. Notwithstanding this provision, each Party is entitled to retain one archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. 16. All persons subject to the terms of this Order agree that this

Court shall retain jurisdiction over them for the purpose of enforcing this Order.  The Court may enter this Order and such other and further relief as it deems appropriate, and this Protective Order is without prejudice to the right of any party to apply for relief from the Court, formally or informally, including as to matter discussed herein.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
CONSENTED TO:

|  |  |
|---|---|
|  | **BOUNDAS, SKARZYNSKI, WALSH & BLACK LLC** |
| Date: September 17, 2012 | By:    /s Edward C. Carleton        |
|  | EDWARD C. CARLETON |
|  | One Battery Park Plaza, Fl. 32 |
|  | New York, New York 10004 |
|  | Tel: (212) 820-7700 |
|  | Fax: (212) 820-7744 |
|  | *Attorneys for Cross-Defendant Scottsdale Insurance Company* |
|  | **JONES DAY** |
| Date: September 17, 2012 | By:    /s Raymond H. Sheen          |
|  | RAYMOND H. SHEEN |
|  | 555 California Street, 26th Floor |
|  | San Francisco, CA 94104 |
|  | Tel: (415) 626-3939 |
|  | Fax: (415) 875-5700 |
|  | *Attorneys for Cross-Complainant Odyssey Thera, Inc.* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date:   September 17, 2012                                          *[signature: Jeffrey S. White]*

Hon. Jeffrey S. White

7

## Exhibit A

## CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered in *Valley Forge Insurance Company, et al. v. Odyssey Thera, Inc.,* U.S. District Court, Northern District of California, Case No. 12-0227. (hereinafter the "Action"), and understand the terms thereof and agree to be bound thereby.

I further acknowledge and understand that any documents and other information produced in the Action (*i.e.,* documents, testimony, written discovery responses and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated or marked "Confidential" or "Highly Confidential" pursuant to the Order may not be disclosed to anyone, except as authorized by the Order, and may not be used for any purpose other than the purposes of the Action. I agree to return to counsel any Protected Information at the conclusion of the Action.

Dated: _____          _____

                                                                         Type or Print Name

                                                                         _____

                                                                         Signature

4831-5662-6193

SFI-739723v2